The STATE of Ohio, Appellee,

v.

HANEY, Appellant.

[Cite as *State v. Haney*, 197 Ohio App.3d 152, 2011-Ohio-6023.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2011–01–002.

Decided Nov. 21, 2011.

Lynn W. Turner, Wilmington Municipal Prosecuting Attorney, for appellee.

Jodie Drees Ganote, for appellant.

---

PIPER, Judge.

{¶ 1} Defendant-appellant, John E. Haney, appeals his conviction in the Clinton County Municipal Court for violation of a protective order of another state under R.C. 2919.27(A)(3), a first-degree misdemeanor. For the reasons set forth below, we reverse the judgment of the trial court.

{¶ 2} On April 14, 2010, the District Court in Grant County, Kentucky issued a domestic order of protection against appellant. Pursuant to that protection order, numerous restrictions were placed on appellant to prevent future acts of domestic violence. These restrictions barred appellant from having contact with his former spouse and from committing further acts of abuse or threats of abuse, and they required that appellant surrender his license to carry concealed firearms. The order also recites that federal law may prohibit a person who is subject to a protection order from possessing a firearm, pursuant to Section 922(g)(8), Title 18, U.S.Code.

{¶ 3} While attending a gun show at the Roberts Convention Center in Clinton County, Ohio, appellant was observed sitting on the vendor's side of a table containing multiple guns. Based upon a tip from a friend of appellant's former spouse, Sgt. Scott Stanfill of the Clinton County Sheriff's Department inquired into the existence of a protection order against appellant and its relation to the possession of firearms. Appellant was subsequently placed under arrest due to his possession of firearms and charged with a violation of R.C. 2919.27(A)(3), violation of a protection order issued by a court of another state.

{¶ 4} A trial was held on December 30, 2010, wherein appellant was found guilty of violating R.C. 2919.27(A)(3). The court held that appellant's possession of firearms was a violation of the protection issued earlier in Grant County, Kentucky.

{¶ 5} Haney appeals the municipal court's decision, raising three assignments of error for our review.

{¶ 6} Assignment of error No. 1:

{¶ 7} "The trial court erred to the prejudice of appellant by misapplying the orders stipulated in a Kentucky protection order by misappropriating a federal regulation into the state order that's only true purpose was to provide notice to the respondent in the Kentucky protection order."

{¶ 8} The protection order at issue in the present case twice refers to a prohibition on possession of firearms pursuant to Section 922(g)(8), Title 18, U.S.Code. It is appellant's contention that these references are not actual terms of the protection order. Appellant argues that they were intended to warn appellant that he may be subject to a federal prohibition on his possession of firearms because of his status, being a person subject to a domestic-violence protection order. Based on a plain reading of the clear language of the protection order, we agree.

{¶ 9} Appellee correctly states that Section 922(g)(8) outlines the conditions necessary to prohibit the possession of firearms under federal law. Appellee then asserts that because the Kentucky protection order satisfies those conditions in Section 922(g)(8), the prohibition is therefore incorporated into the Kentucky protection order as well. Section 922(g), Title 18, U.S.Code states that it shall be unlawful for any person to possess a firearm

(8) who is subject to a court order that—

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or

.. 

(9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

{¶ 10} While the Kentucky protection order does in fact satisfy the conditions above, it does not actually incorporate the prohibition to possess firearms as contained in the federal statute. We cannot simply infer that because the protection order satisfies the conditions of Section 922(g)(8), or contains references to Section 922(g)(8), that the order itself proscribes appellant's conduct as related to firearms possession.[1] Therefore, we must determine whether the protection order expressly incorporated the firearm prohibition of Section 922(g)(8) into the order as a term therein.

{¶ 11} The first reference to a restriction on firearm possession in the protection order appears at the bottom of the first page, under the heading: "WARNING TO RESPONDENT." This preprinted, bolded section goes on to state that "[f]ederal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (18 U.S.C. Section 922(g)(8))."

{¶ 12} Reading the plain language of the order, this section serves only to warn appellant that because he is subject to a state domestic-violence protection order, he could be subjected to federal penalties relating to the possession of firearms. This reference does not fall under the section of the order that states, "THE COURT HEREBY ORDERS," but rather under the section that serves merely as a "WARNING." The order states that "[f]ederal law provides penalties," but does not state that a violation of Section 922(g)(8) will also be considered a violation of the Kentucky protection order.

{¶ 13} We recognize that Section 922(g)(8) becomes operable only when a person is subject to a protection order, but that does not mean that every state protection order forbids, or proscribes, the same conduct addressed in Section 922(g)(8). Therefore, unless the court expressly prohibits the possession of firearms or the state legislature enacts the equivalent of Section 922(g)(8), there

---

1. While appellee introduced hearsay evidence from the detective pertaining to the prohibitions arising from the Kentucky proceedings, appellee simultaneously acknowledged that this evidence was not introduced for the truth of the matter asserted, but rather as evidence of why the officer placed appellant under arrest. *State v. Ames* (June 11, 2001), Butler App. No. CA2000–02–024, 2001 WL 649734. Furthermore, regardless of what the detective was told when he contacted Grant County, it is well established that a court speaks through its journal entries. *State v. Workman*, Clermont App. No. CA2009–07–039, 2010-Ohio-1011, 2010 WL 918056, ¶ 12.

is no state authority prohibiting a person from possessing firearms merely because a state civil protection order has been issued against him.[2]

{¶ 14} The second reference to firearm possession is placed on the third page, near the conclusion of the order. There, it states that "[p]ursuant to 18 U.S.C. Section 922(g)(8), it may be a federal violation to purchase, receive or possess a firearm or ammunition while subject to this order."

{¶ 15} Here again, the language of the order is merely providing notice to appellant that it *may* be a violation of a *federal law* for him to possess firearms. It does not, however, say that possession of a firearm will constitute a violation of the protection order. A reference to the existence of a federal law that may apply to appellant due to his status as a person subject to a protection order does not inherently make a subsequent violation of that federal law also a violation of the state protection order. The prohibitions contained in the federal law remain separate and distinct from a state protection order unless the state protection order clearly and expressly articulates otherwise. Absent the court's expressly stating that a violation of Section 922(g)(8) or some other provision of the federal law is also considered a violation of the state protective order, we cannot make inferences as to what conduct the state order intended to prohibit or forbid.

{¶ 16} Had the court intended to expressly incorporate the prohibitions contained in Section 922(g)(8) into its order or to specifically order that appellant be restrained from possessing firearms, it could have done so under the section labeled "ADDITIONAL TERMS OF ORDER." We find it instructive that in the Kentucky case of *Cissell v. Cissell*, Ky.App. No. 2009–CA–000610–ME, 2009 WL 3672835 (Nov. 6, 2009), the court expressly added that the party subject to the domestic-violence order was further " 'ordered not to possess, purchase or attempt to possess, purchase or obtain a firearm during the duration of this order' " as an additional term of order under the section of the form entitled " 'In order to assist in eliminating future acts of domestic violence and abuse.' " That same section was available in the protection order before us, yet the court did not include any such additional restriction.

{¶ 17} We find that while the order provides appellant with notice that he is subject to Section 922(g)(8), neither of the above references to the federal statute expressly incorporates those federal restrictions on firearm possession into the state protection order. Therefore, it appears that appellant possessed firearms while subject to a protection order, in violation of Section 922(g)(8), yet he has not violated any terms of the actual protection order itself.

---

2. Section 922, Title 18, U.S.Code is part of the Brady Handgun Violence Protection Act ("Brady Bill"). We note that neither Kentucky nor Ohio state law contains a statutory equivalent of the Brady Bill.

{¶ 18} We recognize that the trial court was placed in the unenviable position of interpreting the terms of another state's protection order and that the available information was limited, as is the record on review. Based on the unambiguous language of the protection order, however, we find that the trial court erred in deciding that prohibitions contained in Section 922(g)(8), Title 18, U.S.Code were incorporated into the Kentucky protection order.

{¶ 19} Accordingly, appellant's first assignment of error is sustained.

{¶ 20} Assignment of error No. 2:

{¶ 21} "The trial court erred to the prejudice of appellant by not allowing appellant an opportunity to confront witnesses testifying against him [sic] thus allowing in hearsay statements via the officer's testimony referencing third party testimonial statements."

{¶ 22} Assignment of error No. 3:

{¶ 23} "The trial court erred to the prejudice of appellant allowing in evidence that instruments associated to appellant were in fact firearms."

{¶ 24} In light of our holding that appellant's possession of firearms was not a violation of the protection order and sustaining the first assignment of error, appellant's second and third assignments of error are moot.

{¶ 25} The judgment is reversed, the sentence is vacated, and appellant is hereby discharged.

Judgment reversed.

POWELL, P.J., and HENDRICKSON, J., concur.